UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRIAN A. AUTHEMENT**                          **CIVIL ACTION**

**VERSUS**                                     **NO. 05-1423 C/W**
                                               **06-2416 & 06-10507**
**SCHOONER PETROLEUM SERVICES,**
**INC., WOOD GROUP PRODUCTION**                **SECTION "K"**
**SERVICES MANAGEMENT, INC.,** *et al*

_____

**ORDER & REASONS**
_____

Before the Court is a Motion for Reconsideration (Doc. 185) filed on behalf of Shamrock Management, LLC and Atlantic Insurance Company (collectively "Shamrock").

Shamrock has moved the Court to reconsider its decision rendered orally in Open Court on August 8, 2007, holding that the indemnity agreement between Shamrock and ESH was valid under Texas law.

While a motion for reconsideration is not recognized in haec verba under the Federal Rules of Civil Procedure, when such a motion is filed no later than 10 days from the entry of judgment where a dispositive pre-trial motion has been granted, then it is treated as a Rule 59(e) motion.

*Lavespere v. Niagara Mach, & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990) abrogated on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir.1994); *Clark v. America's Favorite Chicken Co*., 919 F.Supp. 985, 987 (E.D.La.1996). As this motion was filed on the tenth day after entry of judgment excluding weekends and federal holidays, the Court will utilize Rule 59(e) to determine whether this motion has merit.

This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. *Peterson v. CIGNA Group Ins.*, 2002 WL 1268404, at *2. The Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly," and the Fifth Circuit has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." Id. (quoting *Southern Contractors Group, Inc., v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir.1993); *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D.La.1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D.La.1995); see also Wright, Miller & Kane, *Federal Practice & Procedure* § 2810.1, at 124. *Toga Society, Inc. v. Lee,* 2005 WL 3541118, *1 (E.D.La. Oct. 13, 2005).

The main trust of plaintiffs' arguments constitute a rehashing of the previously presented ones. As such, the ruling previously expressed by the Court's standing will not be disturbed. Shamrock has not met its burden under Rule 59(e).

However, the Court hereby clarifies the effect of its ruling on the Motion for Summary Judgment. The Shamrock- ESH agreement is a unilateral indemnity agreement which is expressly allowed by the TOAIA provided the amount of insurance required to support such an agreement

does not exceed $500,000.00.  See Tex. Civ. Prac.& Ram.Code Section 127.004.  Therefore, the indemnity obligation is limited to the amount of $500,000 subject to any credits to which Shamrock and/or its insurer is entitled.

Accordingly, subject to the clarification noted herein, the Motion for Reconsideration by Shamrock is **DENIED.**

New  Orleans, Louisiana, this __27th__ day of August, 2007.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE