UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN A. AUTHEMENT                                        CIVIL ACTION

VERSUS                                                    NO. 05-1423 c/w
                                                          06-2416 & 06-10507

SCHOONER PETROLEUM SERVICES,                              SECTION "K"(1)
INC., WOOD GROUP PRODUCTION
SERVICES MANAGEMENT, INC.,
SPINNAKER EXPLORATION COMPANY,
L.L.C., AND WALTER McDOUGLE

ORDER AND OPINION

Before the Court are a "Motion for Reconsideration" filed on behalf of Environmental Safety & Health Consulting Services, Inc. ("ES&H") (Doc. 195), a motion to sever the trial on indemnity and additional insured issues filed on behalf of defendants Shamrock Management L.L.C. and Atlantic Insurance Company (Doc. 233), and various motions in limine with respect to evidentiary matters filed on behalf of Brian Authement, ES&H, Spinnaker Exploration Company, L.L.C. ("Spinnaker") Walter McDougle, Wood Group Production Services Management, Inc. ("Wood), and Schooner Petroleum Services, Inc. ("Schooner"). The Court has reviewed the pleadings, memoranda, and relevant law, and makes the following rulings.

1. The motion to sever (Doc. 233) filed on behalf of defendants Shamrock Management L.L.C. and Atlantic Insurance Company is Granted. Within the next week, the Court will set a date for the trial of all third party claims and incidental demands. The parties have apprised the Court that the only witnesses that may be necessary for the adjudication of the third party complaints and incidental demands will be corporate representatives of the various insurers involved in those claims.

2. Considering the Court's ruling severing all third party complaints and other incidental demands, the Court defers ruling on ES&H's "Motion to Reconsider" (Doc. 195).

3. The motion in limine to exclude from evidence Brian Authement's June 2, 2004 statement filed on behalf of plaintiff is Granted; however, the statement may be used as appropriate for impeachment purposes if the proper foundation is established.

4. The "Motion in Limine to Preclude Testimony and Evidence of Authement's March, 2007 Visit with Dr. Jong Lee"(Doc. 231), filed on behalf of Wood, Schooner, and ES&H is Denied.

5. The "Motion in Limine to Exclude Minerals Management Service Report"(Doc. 232) filed on behalf of Wood, Schooner, and ES&H is Denied.

6. The "Motion in Limine to Exclude Investigative Reports of Mineral Management Service ("MMS")" (Doc. 220) filed on behalf of Spinnaker and McDougle is Denied.

7. The "Motion in Lime to Exclude Spinnaker Exploration, L.L.C. and Walter McDougle's Alleged 'Profit Motive' and "Bonus'" (Doc. 219) filed on behalf of Spinnaker and McDougle and the "Motion in Limine to Exclude Testimony and Evidence of Spinnaker/McDougle's Alleged "Profit Motive" (Doc. 230) filed on behalf of Wood, Schooner, and ES&H are Denied. Defendants seek to exclude any argument, testimony, or evidence by plaintiff that Mr. McDougle's decision to re-start the well was motivated by Spinnaker's "profit motive" or by Mr. McDougle's motivation to earn a "bonus" on the basis that there is no evidentiary support that either the profit motive or a potential bonus was the impetus for re-starting the well. If there is no such evidence presented at trial, the Court will dismiss the punitive damage claim upon Rule 50 motions at the close of plaintiff's case.

8. The "Motion in Limine to Exclude Post-Incident Photograph of Brian Authement" (Doc. 229) filed on behalf of ES&H, Wood, and Schooner is Denied. However, plaintiff is ordered to crop

the photograph so that plaintiff's mouth is eliminated from the photograph.

9. The "Motion in Limine to Exclude any Introduction or Reference to Minerals Management Service Regulations" (Doc. 221) filed on behalf of Spinnaker and McDougle, is Granted in part and Denied in part. Spinnaker's liability is governed by Texas's premises liability statute. Therefore it is not liable for the acts or omissions of an independent contractor except for the limited circumstances set forth in Chapter 95 of the Texas Civil Practices and Remedies Code, i.e., (1) the owner must retain some control over the manner in which the work is performed, other than the right to order the work to start or stop; (2) the property owner had actual knowledge of the danger or condition resulting in the injury and (3) the property owner failed to adequately warn of the danger. Before any testimony relating to a MMS regulation is elicited by plaintiff in an attempt to establish any liability of Spinnaker plaintiff must lay a proper foundation and have evidentiary support of control, knowledge and failure to warn. Otherwise the Court will instruct the jury that any such regulation is not relevant as to the liability of Spinnaker.

New Orleans, Louisiana, this 7th day of September 2007.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE